## MARIAN D. TAYLOR v. JOHN W. RILEY.

CHATTEL MORTGAGE, *Executed by Husband; Wife, not Estopped from Claiming Property.* Where a husband executes a chattel mortgage upon the property of a wife to secure a debt of the husband without the knowledge or consent of the wife, and before the mortgage becomes due she is informed by the husband of the mortgage, but she does not inform the mortgagee of the fact that she is the owner of the property, and did not consent to the mortgage, but does declare

these facts when the mortgagee takes possession of the mortgaged property, *held*, that the wife is not estopped from setting up her ownership and right of possession to the property.

*Error from Jackson District Court.*

ACTION by *Marian D. Taylor* against *John W. Riley*, to recover the possession of the following personal property, to wit: One bay mare, white spot on the nose, of heavy build, about eleven years old, of the value of $80; one bay mare mule colt one year old, of the value of $75, and one other brown mare colt one year old, of the value of $75; one spotted cow about eight years old, of the value of $40; one red cow four years old, of the value of $35; one red yearling heifer calf, of the value of $20; one Harrison wagon, of the value of $40; one set of double harness, of the value of $15. Trial at the June Term, 1885. The defendant demurred to plaintiff's evidence, which demurrer the court sustained. To reverse this ruling the plaintiff brings the case here.

*Keller & Noble*, for plaintiff in error.

*W. S. Hoaglin*, for defendant in error.

Opinion by CLOGSTON, C.: This was an action to recover the possession of certain personal property in the possession of and claimed by the defendant. Plaintiff's petition was in the usual form in replevin. The answer of the defendant was a general denial. Trial by jury. At the close of the plaintiff's evidence the defendant demurred thereto, which demurrer the court sustained. This ruling is the only question presented in the record.

The court, in sustaining the demurrer to the evidence, stated that it was sustained upon the sole ground that the testimony of the plaintiff herself showed that she knew, before the expiration of the lease, that the property had been mortgaged to the defendant to secure the rent; and that she did not inform the defendant it was her property, or that she objected to the mortgage, although she had ample opportunity to do so. The evidence in this case discloses the fact that the

husband of the plaintiff rented a farm of the defendant, on or about March 1, 1884, for one year, and, to secure the rent, executed his note and a chattel mortgage upon the property in controversy. The evidence further shows that this property was the sole and separate property of the plaintiff in error. The plaintiff testified in her own behalf as follows:

"I did not mortgage the property to Riley; I never saw him until after he came back from California. He went to California, so I was told, soon after his sale of February, last year, 1884; he came back in September last year, so I heard. I saw him soon after his return from California, and frequently afterward, before March 1, 1885, but did not speak to him about the property until the day he and a constable came to get the property. I forbade the constable or Mr. Riley from taking the property; I never gave my consent to this mortgage; I never knew in fact that the mortgage was made, until Mr. Riley and the constable came after the property. My husband said he would mortgage it; I told him he should not. I don't know when the mortgage was made. I had reason to believe, and was informed by my husband before Riley returned from California, that a mortgage had been made."

Under this testimony of the plaintiff, the only question for consideration is, did the court commit error in sustaining the demurrer to the evidence? Counsel for the defendant in error insists that the plaintiff was estopped from denying the mortgage, although the property belonged to her, because she had knowledge that it had been mortgaged, and did not disclose her ownership to Riley when he returned in September. In this we think the counsel is in error. There was no legal or moral obligation resting upon the plaintiff to compel her to disclose the fact that this was her property, and that it was mortgaged without her authority. She was in possession of the property, and being in such possession, might rest secure until the mortgagee attempted to take it from her possession. When he did this, she stated her right to it and ownership thereof. Before plaintiff could be estopped, she must have done some act, or had knowledge of acts done in relation to this property, which at the time they were done led Riley to believe that the property passed by the mortgage. She showed

that she had no knowledge when the mortgage was given. Riley, then, did not accept the security and mortgage because of any act, knowledge or consent of the plaintiff. He parted with no property or right by reason of anything she did or omitted doing; and there is no evidence tending to show that any benefit resulting from this mortgage passed to the plaintiff. Then how can it be said that she was estopped from setting up her claim and right to the property in controversy? We therefore recommend that the cause be reversed, and remanded to the court below with the direction to overrule the demurrer, and for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

All the Justices concurring.